UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SONOS, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES; UNITED STATES CUSTOMS AND BORDER PROTECTION, and TORY MILLER, in his official capacity as Commissioner of United States Customs and Border Protection, <br><br> Defendants. | Court No. 22-00337 |

## COMPLAINT

Plaintiff, Sonos, Inc. ("Sonos"), by and through its undersigned attorneys, alleges the following as its complaint in this case:

1. On January 13, 2020, Plaintiff imported Sonos Beam Smart Soundbars and Sonos Amps, which are wireless speakers and audio components ("the subject merchandise"), under the cover of entry no. M42-1315374-3.

2. The Sonos Beam Smart Soundbar is a compact and versatile wireless speaker that is designed to be used on its own or part of a Sonos home sound system.

3. The Sonos Amp is a wireless audio component designed to power and connect speakers, TVs, and turntables, which are part of the Sonos home sound system.

4. As entered, the subject merchandise was classified in subheading 8517.62.0090, Harmonized Tariff Schedules of the United States ("HTSUS"), free of duty, and under subheading 9903.88.15 subject to an additional Section 301 tariff of 15% *ad valorem*.

5. Plaintiff deposited $224,317.35 in customs duties on the subject merchandise.

6. On March 20, 2020 and May 8, 2020, the Office of the United States Trade

1

Representative ("USTR") granted two of Plaintiff's exclusion requests for "Wireless Mesh Network Speakers" and "Wireless Mesh Network Audio Components" that were classified under subheading 8517.62.0090. *See* Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 85 Fed. Reg. 28695 (May 13, 2020).

7. On May 13, 2020, the USTR published an exclusion for a "Wireless communication apparatus capable of receiving audio data to be distributed to wireless speakers" classified under subheading 8517.62.0090. *See id.* Goods subject to the exclusion are classified in subheading 9903.88.47, HTSUS.

8. On July 23, 2020, the USTR published an exclusion for a "Wireless communication apparatus that can receive audio data to be distributed to wireless speakers" classified under subheading 8518.22.0000. *See* Notice of Product Exclusions: China's Acts, Policies, and Practices Related to Technology Transfer, Intellectual Property, and Innovation, 85 Fed. Reg 44565 (July 23, 2020). This language of the exclusion is nearly identical to the exclusion granted for 8517.62.0090. Goods subject to this exclusion are classified in subheading 9903.88.53, HTSUS.

9. The exclusions exempt the subject merchandise from payment of 301 tariffs for merchandise entered for consumption on or after September 1, 2019.

10. Plaintiff, through its broker, timely filed a post summary correction to apply the correct 9903.88.47 subheading and receive a refund on the Section 301 duties it had paid on entry.

11. The subject merchandise is alternatively eligible for an exemption from 301 tariffs under subheading 9903.88.53.

12. On December, 11, 2020, the entry was liquidated for a refund and a bulletin notice of liquidation was posted at https://aceservices.cbp.dhs.gov/LBNotice. The notice of liquidation was posted on December 11, 2020.

13. Upon liquidation, the entry was scheduled for a refund of $224,317.35 plus $5,207.52 of accumulated interest. The refund amount is evidenced in an ACE ES-701 report which Plaintiff obtained through its ACE portal account.

14. Plaintiff never received payment of the liquidated refund.

15. CBP never voluntarily reliquidated the entry pursuant to 19 U.S.C. § 1501.

## JURISDICTION

16. The United States Court of International Trade has jurisdiction over this action pursuant to 28 U.S.C. § 1581(i).

17. Jurisdiction to compel Defendant to pay Plaintiff the liquidated refund is not available under 28 USC 1581(a).

18. A liquidation must be "adverse to the importer" in order to be the subject of a protest under 19 U.S.C. § 1514(a).

19. The only legal liquidation occurred on December 11, 2020.

20. The December 11, 2020 liquidation of entry number M42-1315374-3 was not adverse to Plaintiff because the liquidation resulted in a scheduled refund of the subject customs duties.

21. Absent a timely reliquidation, Plaintiff could not protest the failure of defendant to pay Plaintiff the liquidated refund.

## FIRST CAUSE OF ACTION

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of this complaint.

23. Pursuant to 19 U.S.C. § 1505, "the Customs Service <u>shall</u> collect any increased or additional duties and fees due, together with interest thereon, or refund any excess moneys deposited, together with interest thereon, as determined on a liquidation or reliquidation."

24. The liquidation of the subject entry determined that Plaintiff is due a refund of $229,524.87 in duties, plus interest.

25. Defendant is obligated to pay Plaintiff the liquidated refund of $229,524.87 plus interest as determined by law.

## SECOND CAUSE OF ACTION

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 of this complaint.

27. The Administrative Procedures Act (APA) authorizes the Court to "compel agency action unlawfully withheld or unreasonably delayed; and hold unlawful and set aside agency action, findings, and conclusions to be— arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706.

28. Defendant is statutorily obligated pursuant to 19 U.S.C. § 1505 to pay Plaintiff the scheduled liquidated refund and its failure to do so is unlawful.

29. The Court is empowered to compel Defendant to pay Plaintiff the liquidated refund of $229,524.87 plus interest as determined by law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment directing CBP to pay Plaintiff a $229,524.87 refund on the Section 301 duty it paid on entry, plus interest

as determined in accordance with 19 U.S.C. § 1505(c).

        Respectfully submitted,

        <u>/s/ Erik D. Smithweiss</u>
        Erik D. Smithweiss

        **GRUNFELD DESIDERIO LEBOWITZ**
        **SILVERMAN & KLESTADT LLP**
        707 Wilshire Blvd., 41st Fl.
        Los Angeles, CA 90017
        (213) 624-1970

        *Counsel to Sonos, Inc.*

Dated: December 9, 2022

## **CERTIFICATE OF SERVICE**

Pursuant to USCIT R. 4(b) and (h), I hereby certify that on December 9, 2022, I caused copies of Plaintiffs' Summons and Complaint to be served on the following parties by certified mail, return receipt requested:

Attorney-In-Charge International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice 1
100 L Street, NW Washington, DC 20530

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
26 Federal Plaza
New York, NY 10278

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

                                                  /s/ Erik D. Smithweiss
                                                       Erik D. Smithweiss